**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL J. MONTANO,<br><br>  Plaintiff,<br><br>  v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>  Defendant. | Case No. **'21CV447  BEN AHG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes CARL J. MONTANO ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA   Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in San Diego County, California, which is located within the Southern District of California.

### PARTIES

4. Plaintiff is a consumer and a natural person over-the-age of 18.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempt to collect upon outstanding credit card debt ("subject debt") that Plaintiff allegedly owed to Credit One Bank.

8. Plaintiff used the aforementioned credit card to finance the purchase of various household and personal items.

9. Around 2020, Defendant began to contact Plaintiff in an attempt to collect the subject debt.

10. Upon speaking with Defendant, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

---

[1] https://www.midlandcredit.com/who-is-mcm/

11. On or around August 2020, after speaking with Defendant, Plaintiff agreed to settle the subject debt by making monthly payments of $50.00 to Defendant. Plaintiff provided Defendant with his banking information and authorized Defendant to withdraw the agreed upon amounts from his bank account.

12. Plaintiff subsequently made his payments to Defendant each month on a timely basis.

13. In March 2021, Defendant contacted Plaintiff and alleged that the payment due in February 2021 was declined.

14. Defendant said that because of the decline, the settlement agreement was null and void.

15. Plaintiff became upset with Defendant and demanded that Defendant cease withdrawing payments from his account.

16. Despite Defendant claiming the settle agreement was canceled and Plaintiff demanding that Defendant cease withdrawing payments from his account, on March 7, 2021, Defendant withdrew $50.00 from Plaintiff's account without authorization.

17. Plaintiff was shocked and confused as to why Defendant made the unauthorized withdrawal.

18. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in exhausting time and resources.

19. Plaintiff suffered actual and concrete damages stemming from Defendants' conduct, including the pecuniary loss associated with the unauthorized withdrawal, as well as the emotional distress stemming from having funds taken from his bank account without authorization

20. Defendant's conduct harmed Plaintiff's statutorily protected interest to be free from deceptive, misleading, harassing, and unfair collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and alleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

      **a.  Violations of FDCPA § 1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated §1692d when it harassingly and abusively withdrew funds from Plaintiff's bank account without authorization. Withdrawing funds from a consumer's bank account absent authorization is inherently conduct with the natural consequence of harassing, oppressing, and abusing such consumers.

      **b.  Violations of the FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in . . . the seizure . . . of any property . . . of any person unless such action is lawful . . . ." 15 U.S.C. § 1692e(4).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §§1692e, e(4), and e(10) when it withdrew $50.00 from Plaintiff's account without authorization. Defendant's conduct implied that Plaintiff's nonpayment of the

subject debt would, and actually did, result in the unlawful seizure of Plaintiff's property, although such conduct was not lawful. It was false, deceptive, and misleading for Defendant to make this withdrawal as it was entirely without authorization.

31. Defendant further violated §§ 1692e and e(10) when it deceptively represented that the settlement agreement between the parties was cancelled. Despite this representation, Defendant continued withdrawing money pursuant to the purportedly cancelled agreement, underscoring the deceptive and misleading nature of Defendant's conduct.

### c. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits, "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

33. Defendant violated §§1692f and f(1) when it unfairly and unconscionably withdrew funds from Plaintiff's bank account without authorization. It was unlawful for Defendant to make such withdrawal's completely absent authorization

WHEREFORE, Plaintiff CARL J. MONTANO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

| | | |
|---|---|---|
| 1 | Dated: March 12, 2021 | Respectfully submitted, |

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com